# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1629V
Filed: August 2, 2019
UNPUBLISHED

| | |
|---|---|
| KENNETH NIEMCZYK,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*David Michael Crocco, Jr.,* Sabbeth Law, Woodstock, VT, for petitioner.
*Claudia Barnes Gangi,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 30, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following receipt of his October 16, 2015 influenza ("flu") vaccination.  Petition at 1, 3.  On November 26, 2018, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer.  ECF No. 30.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 10, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 34.  Petitioner requests attorneys' fees in the amount of $9,225.00 and attorneys' costs in the amount of $1,102.93.  *Id.* at 1.  On June 26, 2019, the undersigned directed petitioner to provide additional documentation in support of his motion.  Order, ECF No. 36.  Petitioner filed a second motion for attorneys' fees and costs on July 10, 2019 with additional supporting documentation attached.  ECF No. 37.

In compliance with General Order #9, petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses.  ECF No. 37-1 at 19.  Thus, the total amount requested is $10,327.93.

On June 26, 2019, respondent filed a response to petitioner's motion.  ECF No. 35.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner filed no reply.  The matter is now ripe.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reason listed below.

**I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24

Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.     Attorneys' Fees

### A.  Hourly Rates

Petitioner requests compensation for attorney David Crocco, Jr. at the rate of $250 per hour.  ECF No. 34-1 at 1.  The undersigned finds the requested rate excessive based on his overall legal experience and his lack of experience in the Vaccine Program.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

Mr. Crocco has been a licensed attorney since 2015, placing him in the range of attorneys with less than four years' experience for his time billed throughout the case.[3] The requested rate of $250 per hour is outside the range for attorneys' with less than four years' experience.  Due to Mr. Crocco's limited legal experience and inexperience in the Vaccine Program, the undersigned finds cause to reduce the requested hourly rate commensurate with his experience as a licensed attorney.  As such, Mr. Crocco is awarded $200 for work performed in 2017 and $225 for work performed in 2018.  This results in a reduction of attorney's fees requested in the amount of **$1,122.50**.[4]

Mr. Crocco worked with co-counsel Michael Sabbeth at various points during this case.  Petitioner request the rate of $300 for time billed by Mr. Sabbeth, who has been a licensed attorney since 2009.  This places him in the range of attorneys with four – seven years' experience for his time billed in 2015 and 2016.  The requested rate of $300 per hour is outside the range for attorneys with his level of experience for work performed in 2015 and 2016.  The undersigned reduces Mr. Sabbeth's rate to $281 for 2015 and $290 for 2016. This reduces the request for attorneys' fees in the amount of

---

[3] Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 – 2019 is available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount consists of ($250 - $200 = $50 x 11.6 hrs = $580.00) + ($250 - $225 = $25 x 21.7 hrs = $542.50) = $1,122.50.

**$29.00**.[5]

For 2017, Mr. Sabbeth's experience moves him to the 8-10 years' experience range.  The undersigned finds the requested rate of $300 reasonable for this year and awards it herein

### III.     Attorneys' Costs

Petitioner requests reimbursement for attorneys' costs in the amount of $1,102.93.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce the request and awards the full amount of attorneys' costs sought.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $9,176.43[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, David Crocco, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] This amount consists of ($300 - $281 = $19 x 1 hr = $19.00) + ($300 - $290 = $10 x 1 hr = $10) = $29.00.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.